UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
:
ALEXANDER AKATOV, and : CASE NO. 1:17-CV-01044
SVETLANA AKATOV, :
:
       Plaintiffs, :
:
vs. : ORDER
:
KATHRYN WOODWARD, :
:
       Defendant. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiffs Alexander Akatov ("Alexander") and Svetlana Akatov ("Svetlana") filed this action against GE Health Care ("GE") Senior Labor and Employment Counsel Kathryn Woodward. In the Complaint, Alexander alleges ideas he submitted to his then employer, GE, were not taken seriously, and he was not given jobs within the company for which he applied. Svetlana alleges her employment was terminated in 2008. Both Plaintiffs indicate they are asserting claims for "torts... hostile environment for the submissions of a lot of the tested engineering submissions presented to the Company," negligence, negligent misrepresentation, disparagement, diverse collusion, harassment over submissions, and promotion discrimination.[1] They do not indicate the relief they seek.

---

[1] Doc. No. 1 at 2.

Plaintiffs also filed an Application to Proceed *In Forma Pauperis*.[2] That Application is granted.

Plaintiffs' Complaint is composed entirely of unconnected allegations which appear to presume the Court is aware of the background information supporting them. They attach 77 pages of exhibits, which give the Court some indication of what potentially may have occurred; however, Plaintiffs do not clearly allege what they believe happened. Instead, they rely on the Court to piece together the factual basis for their Complaint. Svetlana states only that she was unfairly terminated in 2008. She does not provide any other factual allegations concerning her employment with GE. The only person named as a Defendant is GE's senior labor and employment counsel; however, Plaintiffs do not allege any facts concerning her, and none of the exhibits attached to the Complaint pertain to her personally. Plaintiffs indicate they are asserting claims for employment discrimination; however, they do not identify a basis for discrimination prohibited by a federal statute, nor do they allege facts to suggest why they believe discrimination was involved in GE's actions. Finally, Plaintiffs suggest they may be bringing tort claims but they have not provided enough information for the Court to identify which claims they are attempting to assert or the factual basis for these claims.

Although the standard of review for *pro se* pleadings is liberal, it is not without limits.[3] The Complaint must give the Defendants fair notice of what the Plaintiff's legal claims are and the factual grounds upon which they rest.[4] The Court cannot formulate factual allegations never

---

[2] Doc. No. 2.

[3] *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726-27 (6th Cir. 1996).

[4] *Id.* at 726; *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008).

-2-

squarely presented in the Complaint or to construct full blown legal claims from sentence fragments.[5] To do so would require the Court to explore exhaustively all potential claims of a *pro se* Plaintiff, and would transform the Court from its legitimate role of adjudicating disputes to the improper role of an advocate seeking out the strongest arguments and most successful strategies for the Plaintiffs.[6] It also places an unfair burden on the Defendant to speculate on the potential claims Plaintiffs may be raising against her and the defenses she might assert in response to each of these possible causes of action.[7] Neither the Court nor the Defendant are obligated to search through the Complaint and its numerous exhibits in order to identify pertinent facts and potential legal claims. It is Plaintiffs' responsibility to edit and organize their claims and supporting allegations into a manageable format.

### IV. Conclusion

Accordingly, Plaintiffs' Application to Proceed *In Forma Pauperis*[8] is granted. Plaintiffs shall have thirty (30) days from the date of this order to amend their Complaint to set forth more clearly all of their intended claims for relief against any and all persons or entities they intend to name as Defendants to this action. Plaintiffs are notified that this case will be

---

[5] *Beaudett*, 775 F.2d at 1278.

[6] *Id.* at 1278.

[7] *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).

[8] Doc. No. 2.

subject to automatic dismissal if they fail to file an amended Complaint that corrects the deficiencies outlined above within thirty days.[9]

IT IS SO ORDERED.

Dated: February 26, 2018                *s/      James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE

---

[9] *Catz v. Chalker*, 142 F.3d 279 (6th Cir. 1998); *Tingler v. Marshall*, 716 F.2d 1109, 1112 (6th Cir. 1983).