IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALEXANDER AKATOV, *et al.*, | ) | CASE NO. 1:17 CV 1044 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| KATHRYN WOODWARD, | ) | |
| | ) | |
| Defendant. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |

This matter is before the Court on Plaintiffs' recent filing apparently seeking reconsideration of the Court's Order of July 18, 2018, which granted Defendant's Motion to Dismiss the Amended Consolidated Complaint, and leave to file an opposition. (ECF #25). The Court previously granted Defendant's Motion to Dismiss Plaintiffs' Amended Complaint finding that it did not have subject matter jurisdiction over the Defendant because: (1) the Complaint did not allege any legal or factual claim against the only named Defendant; (2) the alleged claims could not be brought against an individual; and, (3) the action was procedurally barred for failure to exhaust administrative remedies, specifically the filing of a charge with the Equal Employment Opportunity Commission. (ECF #23). The Court also found that it lacks personal jurisdiction

over the Defendant. (ECF #23).

Plaintiffs filed no response to the Motion to Dismiss. Following the response deadline, the Court held a Case Management Conference. Although notified of the date and time of the conference, the Plaintiffs did not appear. (ECF #22). The court indicated in the minutes of that conference, which were mailed to Plaintiffs, that the Motion to Dismiss had not been opposed and that the Court would rule. (ECF #22). Despite having received the minutes and having taken time to explain their absence from the conference, Plaintiffs did not, at that time, attempt to file an opposition to the Motion to Dismiss, or to request a continuance of the response deadline. (ECF #24).

The Court's Order granting Defendant's Motion to Dismiss granted judgment against the Plaintiffs. The current motion by Plaintiffs seeks to amend this judgment and, as such, will be reviewed under Fed. R. Civ. P. 59(e). Plaintiffs' current filing describes no circumstances that would justify an amendment or reconsideration under this rule. They have cited no intervening change in the law, no evidence or argument that would justify a change in the Court's ruling, and no clear error of law. *See, Louisville/Jefferson Co. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009). Further, a motion for reconsideration is not the proper means by which a party may raise issues or facts that have been, or could have been, addressed in the original proceedings. Motions for reconsideration should only be granted in the most extraordinary circumstances as they challenge the notions of finality that are essential to the credibility of court proceedings. No such circumstances exist in this case. If a party is not satisfied with a Court ruling, made with full access to the relevant law and facts, its dissatisfaction may be addressed at the appropriate time through an appeal.

In conclusion, this Court finds no reason to alter the decision set forth in its July 18, 2018 Order granting the Defendant's Motion to Dismiss. (ECF #23). Plaintiffs' Motion for Reconsideration is, therefore, denied. (ECF #25). This case is terminated. IT IS SO ORDERED.

/s/ Donald C. Nugent
Donald C. Nugent
United States District Judge

Date: August 13, 2018